UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
ex rel, VICTOR BIBBY and BRIAN DONNELLY

    Plaintiffs,

v.                                                            CASE NO.: 8:17-MC-0074-T-36MAP

MORTGAGE INVESTORS CORPORATION,
and WILLIAM EDWARDS

    Defendants.
_____/

## ORDER

    Before me is Marketing Solution Publications, Inc.'s (MSP's) motion to quash the Rule 45 subpoena for deposition issued by the Northern District of Georgia (the Atlanta Court) on behalf of Victor Bibby and Brian Donnelly (doc. 1).  Bibby and Donnelly are relators in the case captioned above, a False Claims Act *qui tam* suit that has been pending in the Northern District of Georgia for ten years (the Underlying Action) (*see* 1:12-cv-4020-AT, N.D. Ga.).  Movant MSP is a Florida-based company that does business and is closely affiliated with Defendants but is not a party to the Underlying Action.  Last month, relators subpoenaed MSP to produce a Rule 30(b)(6) representative for a Tampa deposition.  Because compliance is required here, MSP filed its motion to quash in this Court.  *See* Fed. R. Civ. P. 45(3)(A).

    This is not the first time MSP has moved to quash one of relators' Rule 45 subpoenas.  In January 2017, relators served a document subpoena on MSP relating to the Underlying Action.  MSP filed a motion to quash that subpoena in the Middle District of Florida (*see* 8:17-mc-16-T-30TBM, M.D. Fla.).  In March 2017, United States District Judge James Moody stayed the matter because

in the Underlying Action relators had filed a motion to compel Defendant Edwards to produce the documents. Judge Moody directed relators to keep him "apprised of any ruling by the Atlanta Court, or any voluntary production, or any other resolution of the issues raised in Marketing Solution Publications' Motion to Quash" (*Id*., doc. 7 at 2) and ordered the matter administratively closed.

In May 2017, the Atlanta Court granted in part relators' motion to compel and ordered Defendant Edwards to produce a subset of the documents (*see* doc. 9 at 3). Edwards did so, but relators moved to compel Edwards to produce more. The Atlanta Court referred that dispute to a special master, and on June 30, 2017 (after MSP had filed its motion to quash in this case), the special master recommended that the Atlanta Court grant in part and deny in part the relators' request for Edwards to produce additional documents pertaining to MSP (*see* doc. 10).

Meanwhile, around the time that the Atlanta Court referred the MSP document dispute to a special master, relators served the deposition subpoena on MSP that is the topic of the motion to quash before me (doc. 1, ex. A). MSP argues that the deposition topics specified in the subpoena "exceed the scope of the May 17, 2017, Order from the Atlanta Court", are irrelevant to the Underlying Action, and seek "cumulative and duplicative information, as the documents provided speak for themselves." (doc. 1 at 8). Relators respond not by refuting these points but by asking me to transfer this matter to the Atlanta Court under Rule 45(f) (*see* doc. 5, which I construe as a motion to transfer). MSP does not consent to the transfer (doc. 9).

Rule 45(f) states: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. . . ." Fed. R. Civ. P. 45(f). The advisory committee notes to the 2013 rule amendments make clear that the "prime concern should be avoiding

2

burdens on local nonparties subject to subpoenas," and places the burden of transfer on the proponent to show exceptional circumstances. Fed. R. Civ. P. 45, advisory committee's note to 2013 amendment.  The committee points to one reason as an example of an exceptional circumstance – "to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id*.  Generally, "transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id*. In evaluating whether exceptional circumstances exist, courts consider "'the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *The Dispatch Printing Co. v. Zuckerman*, No. 16-cv-80037-BLOOM/Valle, 2016 WL 335753, at *2 (S.D. Fla. Jan. 27, 2016) (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D. D.C. 2014)).

Relators have shown that exceptional circumstances warrant transfer of this discovery dispute to avoid disrupting the Atlanta Court's management of the Underlying Action.  The Atlanta Court has ruled on the discoverability of MSP's documents once already and is poised to rule on the issue again when deciding whether to adopt the special master's report and recommendation.  MSP argues that relators now seek to depose its representative on topics that exceed the scope of document discovery as narrowed by the Atlanta Court, but the issues regarding document and deposition discovery are interwoven – to address MSP's motion requires me to interpret the Atlanta Court's rulings without the benefit of the Atlanta Court's experience with the case.  And the special master's report and recommendation – issued after MSP filed its motion to quash – most likely changes things in a way the Atlanta Court can better determine.  The Underlying Action has been pending in the

Atlanta Court for over ten years, and that court has whittled down fact discovery to the topic of whether relators can pierce Defendant Mortgage Investors Corporation's corporate veil to assign liability to Defendant Edwards. The Atlanta Court is in the better position to make consistent rulings on the scope of MSP discovery. Any ruling by this Court would only add to the confusion and complexity of the Underlying Action.

MSP claims it will be burdened if transfer is granted. The committee note to Rule 45 provides solutions to common transfer problems, such as encouraging telecommunications methods to reduce physical appearances and allowing counsel to file special appearances. Fed. R. Civ. P. 45, advisory committee's note to 2013 amendment. Additionally, I find that the interests in transferring the case to the Atlanta Court outweigh the interests of MSP in obtaining local resolution of its motion to quash. Because other nonparty protections exist, and transfer will remove the risk of disrupting that court's management of this long-standing case, it is ORDERED:

(1) Relators' Rule 45(f) request to transfer this matter to the Northern District of Georgia (doc. 5) is GRANTED. The Clerk of Court is directed to transfer this case to the Northern District of Georgia where the Underlying Action is pending.

(2) Upon transfer, the Clerk of Court is directed to close this case and terminate Marketing Solution Publications, Inc.'s motion to quash (doc. 1) from pending status.

DONE and ORDERED in Tampa, Florida on July 11, 2017.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE